(Nos. 4159 and 4160)

STELLA DUFFIE AND OPAL FERN HUKILL, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 20, 1949.*

BERNARD G. MAXWELL, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

Schuman, C. J.

The Opal Fern Hukill and Stella Duffie cases have been consolidated for this opinion.

All of the evidence in this case was offered by claimants. The undisputed facts show that Opal Hukill was driving a 1941 Chevrolet automobile over and along Illinois State Highway Number 95 at a point about two miles west of the Village of Smithfield in Fulton County; that Stella Duffie was with claimant Opal Hukill and both were on official business for the County of Fulton in the placing of a small child. Claimant, Opal Hukill, was a juvenile probation officer and Stella Duffie her assistant.

The facts show that it was dark, raining and that both parties and particularly claimant, Opal Hukill, the driver, knew of condition of the road and were familiar with it, having driven over it many times; that there was about a 400 foot gravel gap in the road and warning signs were posted showing ''Slow'' and ''Gravel Gap''; that claimant, Opal Hukill, saw the sign and mentioned to claimant, Stella Duffie, about the gap before reaching it; that claimant, Opal Hukill, applied her brakes before she got to the gap and hit a chuck hole going about 30 miles

per hour, causing her car to swerve to the left and travel about 400 feet, going into a ravine "filled with water".

Witnesses, thoroughly familiar with the road, stated gap had been there since 1934 and was worked on two to three times a week because it was a bad road, all of the time constantly moving because it was believed to have quick sand underneath; that they always drove slow over it at about 8 to 10 miles per hour.

Claimants both alleged in their complaints that holes were in the road for a long time and that said place was unsafe and dangerous.

The undisputed testimony shows that claimant, Opal Hukill, knew of the bad spot in the road. However, on a dark, rainy night, with warning signs present, she drove her car at a rate of speed of 30 miles per hour, hit a chuck hole and went 400 feet into a ravine on the left side of the road, over-turning her car causing severe damages to the car and severe personal injuries to herself and to claimant, Stella Duffie.

Even though it might be contended that the gap was defective and dangerous, it was incumbent on claimant, Opal Hukill, to prove she was in the exercise of due care and caution. There is no charge of wilful and wanton misconduct on the part of the respondent. Under the circumstances of this case we feel she has not proven due care and caution. It has long been the rule in this state that it is the duty of persons about to cross a dangerous place to approach it with care commensurate with the known danger, and when one on a public highway fails to use ordinary precaution while driving over a dangerous place, such conduct is by the general knowledge and experience of mankind condemned as negligence. (*Dee* v. *City of Peru,* 343 Ill. 36 at 41). For this reason the claim of Opal Hukill will be denied.

The testimony shows that Stella Duffie and Opal Hukill were engaged in a joint enterprise. Both parties were employed by the County of Fulton in its probation department and were on the business of placing a small child. Both were receiving compensation for their work and were engaged jointly in its performance. When two or more persons are engaged in a joint enterprise or undertaking in the use of the automobile, the contributory negligence of one will bar recovery of either, where the claimed damages arise out of a matter within the scope of a joint undertaking. When the journey in which the occupant, including the driver of the vehicle, are participating, is, itself, a part of a business enterprise in which the parties are mutually interested, they are engaged in a joint enterprise. (*Grubb* v. *Illinois Terminal Co.*, 366 Ill. 330 at 338-339). The negligence of claimant being imputable to claimant, Stella Duffie, her claim will likewise be denied.

Both the claims of Opal Hukill and Stella Duffie, for the reasons assigned, are denied and the petitions dismissed.